1  Brian E. Klein (Bar No. 258486)
     bklein@bakemarquart.com
2  Kevin R. Boyle (Bar No. 262085)
     kboyle@bakermarquart.com
3  BAKER MARQUART LLP
4  10990 Wilshire Boulevard, Fourth Floor
   Los Angeles, California 90024
5  Telephone:  (424) 652-7800
   Facsimile:   (424) 652-7850
6
7  Attorneys for Defendants and Counterclaimant LAB sarl and Defendants Marc
   Seban and Barbara Coignet
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company,<br><br>  Plaintiff,<br><br>  v.<br><br>LAB sarl, a French limited liability company, MARC SEBAN, an individual and BARBARA COIGNET, an individual; and DOES 1 through 20,<br><br>  Defendants | Case No. CV 12-10627 BRO (JCx)<br><br>PROTECTIVE ORDER<br><br>[CHANGES MADE BY COURT TO PARAGRAPH 9] |
| LAB sarl, a French limited liability company,<br><br>  Counterclaimant,<br><br>  v.<br><br>CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company,<br><br>  Counterdefendant. | |

The Court has read and considered the parties' Joint Stipulation Re: [Proposed] Protective Order, filed on July 10, 2013. The Court finds that the stipulation, which this Court incorporates into this Order, demonstrates facts that support the parties' request, and good cause appearing therefor, enters the following Order:

1. **DEFINITIONS**

   a) **Party**: Any current party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

   b) **ESI**: Electronically stored information, as that term is used and referred to in Federal Rules of Civil Procedure 26 and 34.

   c) **Disclosure or Discovery Material**: All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, documents, ESI, testimony, transcripts or tangible things), that are produced or generated in disclosures or response to discovery in this matter.

   d) **"CONFIDENTIAL" Information or Items**: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

   e) **Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

   f) **Producing Party**: A Party or non-party that produces Disclosure or Discovery Material in this action.

   g) **Designating Party**: A Party or non-party that designates information or items that it produces in disclosures or in response to discovery as "CONFIDENTIAL."

   h) **Protected Material**: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

i) **Outside Counsel**: Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

j) **In-House Counsel**: Attorneys who are employees of a Party.

k) **Counsel (without qualifier)**: Outside and House Counsel (as well as their support staffs).

l) **Experts and Consultants**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party or a current employee of a Party's competitor or under a contractual or other obligation not to participate in this Litigation and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

m) **Professional Vendors**: Persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees or subcontractors.

n) **Litigation**: The above captioned action, C.D. Cal. Case No. CV 12-10627 BRO (JCx), and any subsequent appellate proceedings in connection with the above action.

2. **SCOPE**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

///

Nothing in this Protective Order shall impose any restrictions on a Designating Party from disclosing its own Protected Material as it deems appropriate.

3. **DESIGNATING PROTECTED MATERIAL**

A party producing a document in this Litigation may designate the document as "CONFIDENTIAL" when the party determines the document contains confidential proprietary or private information, relating to financial information, trade secrets or other sensitive information of a non-public nature.

    a) **Exercise of Restraint and Care in Designating Materials for Protection**:

Each Party or non-party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

This Protective Order does not authorize mass or indiscriminate designations made without regard to the categories of documents that qualify for protection. Nor does it authorized designations made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expense or burden on other parties).

If it comes to the attention of a Party or non-party that information or items it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    b) **Manner and Timing of Designations**: Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of Section 3(b)(i), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

**i)** **For Information in Documentary Form (apart from transcripts of depositions or other pretrial or trial proceedings)**: That the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material. Within 30 days of receipt of Disclosure or Discovery Material, any Receiving Party may designate the material as "CONFIDENTIAL."

**ii)** **For Information, including ESI, Produced in Some Form Other than Documentary, and for Any Other Tangible Items**: That the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." Within 30 days after receipt, any Receiving Party may designate the items as "CONFIDENTIAL."

c) **Inadvertent Failures to Designate**: If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive any Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

**4.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

a)    **Timing of Challenges**:

Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens or a later significant disruption or delay of the Litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b) **Meet and Confer**: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue, other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet-and-confer process.

c) **Judicial Intervention**: A Party that elects to press a challenge to a confidentiality designation after considering the justifications offered by any Designating Party or non-party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and setting forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.

The burden or persuasion in any such challenge proceeding shall be on the challenging Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the protection to which it is entitled under the Designating Party's designation.

5. **ACCESS TO AND USE OF THE PROTECTED MATERIAL**

a) **Basic Principles**: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending or attempting to settle the Litigation. Such

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the Litigation has been terminated, a Receiving Party must comply with the provisions of Section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner ensuring that access is limited to the persons authorized under this Protective Order. Any Receiving Party in receipt of Protected Material must make whatever efforts are necessary to prevent such Protected Material from being disseminated to third parties who are not subject to this Protective Order, including preventing the dissemination of Protected Material over the Internet or in other public forums.

      b)      **Disclosure of "CONFIDENTIAL" Information or Items**: Unless otherwise ordered by the Court or permitted in writing signed by Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

          i)     Any Party, its attorneys (including In-House Counsel) and the attorneys' support staff;

          ii)    Any insurer or indemnitor of any defendant in this action;

          iii)   Experts and consultants (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

          iv)   This Court and its personnel;

          v)    Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the Litigation;

///

///

vi) Subject to the terms of this Protective Order, any person who authored or is listed as a recipient of the document, or the original source of the information;

vii) As required by law or court order upon notice to the Designating Party sufficiently in advance of such disclosure to permit it to seek a protective order.

## 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing (by fax or e-mail, if possible) immediately and in no event more than three Court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some of all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try and protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

///

7. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to executed the "Agreement to Be Bound by Protective Order" (Exhibit A).

8. **CONTINUING JURISDICTION**

This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

9. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the conclusion of the Litigation, or upon settlement or dismissal, the Receiving Party shall destroy all Protected Material in the Receiving Party's possession, custody or control. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person, the Designating Party) that all Protected Material was destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing the Protected Material.

Notwithstanding this provision, counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence and

attorney work product even if such materials contain Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order.

**10.  MISCELLANEOUS**

   a) Nothing in this order prevents any party from moving the Court to remove the "Confidential" designation from a document, from seeking modification of this Protective Order, from designating already produced documents as "Confidential," from objecting to discovery that a party believes otherwise improper, or from seeking an additional protective order in this Litigation. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   b) The parties reserve the right to stipulate to modification or amendment of the Protective Order. Each party also reserves the right to seek modification or amendment of the Protective Order, or a new or additional protective order in this Litigation from the court.

IT IS SO ORDERED.

Date: August 12, 2013                           /s/
                                        _____
                                        Hon. Jacqueline Chooljian
                                        U.S. Magistrate Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>**LAB sarl, a French limited liability company, MARC SEBAN, an individual and BARBARA COIGNET, an individual; and DOES 1 through 20,**<br><br>Defendants. | Case No. CV 12-10627 BRO (JCx)<br><br>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER |
| LAB sarl, a French limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>CITIZENS OF HUMANITY, LLC, a Delaware Limited Liability Company,<br><br>Counterdefendant. | |

I, _____, declare as follows:

1. My address is _____.

2. I have received a copy of the Joint Stipulation and Protective Order Re Confidential Information ("Stipulated Protective Order") entered by the Federal Court of the Central District of California in the above-captioned lawsuit.

3. I have carefully read and I know the contents of the Stipulated Protective Order, and I agree to be bound by it. I specifically understand and agree that I shall not use or disclose, in public or private, any Protected Material or information

-11-

derived therefrom without the prior written consent of the Designating Party or as otherwise set forth in the Stipulated Protective Order or permitted or required by an order of the Court. I agree that I will not keep any originals or copies of any Materials designated "CONFIDENTIAL" for any purpose, unless such Protected Material was in my possession prior to the commencement of this Litigation.

4.     I agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this Litigation.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

                              Name: _____

                              Date: _____